UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL AUSBIE,<br><br>      Plaintiff,<br><br>    v.<br><br>TR MERICKEL, et al.,<br><br>      Defendants. | Case No.: 1:15-cv-001785 - --- - JLT<br><br>ORDER DIRECTING THE CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE |

      Plaintiff Michael Ausbie seeks to proceed *pro se* and *in forma pauperis* with this action, asserting that the state court erred in sentencing him to probation because he is "a Secured Party Creditor." (Doc. 1) Because Plaintiff is in custody pursuant to a judgment of a state court and removal of the action is improper, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be denied and the complaint be dismissed without prejudice.

**I.    Motion to Proceed In Forma Pauperis**

      As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d

1178, 1177 (9th Cir. 1999).

If a plaintiff seeks to proceed *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or … seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios").

Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed below, Plaintiff fails to state a claim upon which relief may be granted by this Court.

**II.     Pleading Requirements**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d

266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

### III.   Plaintiff's Allegations and the Relief Requested

Plaintiff filed a "notice of removal from the Superior Court of California, County of Kern," arguing that he was placed on probation unlawfully and the defendants have violated his civil rights pursuant to 42 U.S.C. §1983.[1] (Doc. 1 at 1) According to the docket of the Kern County Superior Court, Plaintiff was placed on probation for four years in Case No. BF155898A. Plaintiff was arraigned for a violation of probation on November 2, 2015, and a formal revocation hearing is scheduled to occur on December 15, 2015.

According to Plaintiff, he has registered as a "Secured Party Creditor" with the State of Colorado[2], and the defendants "[d]id not provide evidence … certified under penalty of perjury" that Plaintiff was able to be placed under probation. (*Id.*) Thus, it appears that Plaintiff challenges the imposition of probation and the ability of the state court to find he violated its terms.

### IV.   Discussion and Analysis

In general, federal courts are required to abstain from interfering on ongoing state criminal matters. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). This abstention doctrine applies if four

---

[1] The court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.,* 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.,* 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981); *see also Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the records of the Kern County Superior Court are subject to judicial notice.

[2] Moreover, Plaintiff fails to demonstrate how this act excuses him from compliance with the law or imposes any special obligations on the defendants.

conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008).

First, it is clear the state criminal proceedings are ongoing, and Plaintiff remains in the custody of the state. *See United States v. Spawr Optical Research, Inc.*, 864 F.2d 1467, 1470 (9th Cir.1988), *cert. denied*, 493 U.S. 809 (1989) (holding that individuals who are currently serving probation terms are "in custody"). Second, the state criminal proceedings implicate important state interests. Indeed, in *Kelly v. Robinson*, 479 U.S. 36, 49 (1986), the Court held, "This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Likewise, in *Younger*, the Supreme Court held, "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43.

Third, there is no showing Plaintiff could not challenge his sentence in a petition for writ in the state court of appeal. Moreover, there is no procedural bar from Plaintiff raising his federal claim in the state proceeding. *Martori Bros. Distribs. v. James–Massengale*, 781 F.2d 1349, 1352, 1354 (9th Cir.). Thus, he has a full and fair opportunity to raise the federal claims in state court. *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir.1999). Finally, Plaintiff's complaint seeks to insert the federal court into the ordinary course of state criminal proceedings and, if permitted, would threaten the autonomy of the state court. Thus, the complaint must be dismissed.

## V. Order

Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action.

///

///

## VI.     Findings and Recommendations

Plaintiff seeks to remove his state criminal proceedings to the federal court, which should not assume jurisdiction over his claims pursuant to *Younger*.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* be **DENIED**;
2. The complaint be **DISMISSED** without prejudice; and
3. The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **December 9, 2015**                    **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE